IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR414-345 |
| ) | |
| JEROME ANTWAN COOPER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Jerome Antwan Cooper's Motion for Evidentiary Hearing Due to Brady vs. Maryland Violation (Doc. 44), Motion for Discovery (Doc. 46), second Motion for Discovery (Doc. 60), and Motion for New Trial (Doc. 68), all filed pro se. In addition, Defendant has filed three requests for appointed counsel (Doc. 57; Doc. 59; Doc. 71), and counsel for Defendant has filed a Motion for New Trial (Doc. 63).

Defendant is currently represented by appointed counsel in this case, but has submitted several motions without the assistance of counsel. Pursuant to Southern District of Georgia Local Rule 83.6(d), a defendant who is represented by counsel may not file motions on his own behalf unless counsel has been relieved of her representation. Accordingly, Defendant's pro se motions (Doc. 44; Doc. 46; Doc. 60; Doc. 68) are **DISMISSED**.

Because Defendant is currently represented by counsel, the Court construes Defendant's requests for appointed

counsel as a request for new counsel. The Magistrate Judge previously denied a similar request by Defendant. (Doc. 32.) After carefully reviewing the record in this case, the Court finds that counsel has discharged her duties to Defendant consistent with the standard required under both the Sixth Amendment and the Georgia Rules of Professional Conduct. Defendant is not entitled to new counsel simply because he is unhappy with counsel's representation, even where counsel refuses to file patently frivolous motions requested by Defendant. Quite simply, a lawyer does not act either ineffectively or unprofessionally by declining to pursue arguments that have little or no chance of success. See, e.g., Strickland v. Washington, 466 U.S. 668, 690 (1984) ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); Knowles v. Mirzayance, 556 U.S. 111, 126-27 (2009) (the law does not require counsel to raise every available non-frivolous defense); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (failure to raise meritless issues cannot prejudice a client); Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990) (counsel is not required to raise meritless issues); Iron Wing v. United States, 34 F.3d 662, 665 (8th Cir. 1994) (movant not

prejudiced by counsel's failure to file motion to suppress that would have been denied); James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) (counsel's failure to make futile motions does not constitute ineffective assistance); United States v. Hart, 933 F.2d 80, 83 (1st Cir. 1991) (counsel is not required to waste the court's time with futile or frivolous motions). Because counsel has represented Defendant both effectively and professionally, and will continue to do so during the pendency of any appeal, Defendant's requests for new counsel (Doc. 57; Doc. 59; Doc. 71) are **DENIED**.

In counsel's Motion for New Trial, counsel contends that Defendant is entitled to a new trial on the following two grounds:

> (1) The Court erred in failing to sua sponte present evidence of Defendnatn's [sic] possession of a firearm [] because the firearm was discovered in a search conducted pursuant to an illegal arrest, in violation of Defendant's Fourth Amendment rights[;] and
> (2) Counsel was ineffective for failing to raise the suppression issue pre-trial.

(Doc. 63 at 2.) After a careful review of the record in this case, however, the Court concludes that counsel's motion must be **DENIED**. The Fourth Amendment protects individuals from unreasonable searches and seizures conducted by government agents, such as state or federal law enforcement. The Eleventh Circuit has made clear that searches conducted by private citizens "do[] not implicate the Fourth Amendment unless he acts as an instrument or

3

agent of the government." United States v. Steiger, 318 F.3d 1039, 1045 (11th Cir. 2003). To be considered an instrument or agent of the government, courts look at "(1) whether the government knew of and acquiesced in the intrusive conduct, and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends." Id.

As the evidence presented at trial established, the firearm found in Defendant's possession was discovered by Home Depot employees after they detained Defendant on suspicion of shoplifting. There was no indication either that law enforcement knew of and acquiesced to the Home Depot employees' conduct, or that the employees were assisting law enforcement rather than attempting to prevent Defendant from shoplifting expensive power tools. Accordingly, the Home Depot employees cannot be considered agents of the government. As a result, counsel for Defendant's decision to refrain from filing a motion to suppress on these grounds cannot be considered ineffective assistance of counsel because any such motion would be unmeritorious.

SO ORDERED this 7th day of April 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA